UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CELSIS IN VITRO, INC.<br>a Maryland Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CELLZDIRECT, INC., a Delaware Corporation<br>and wholly-owned subsidiary of INVITROGEN<br>CORPORATION; and INVITROGEN<br>CORPORATION, a Delaware Corporation,<br><br>Defendants. | Case No. 1:10-cv-004053<br><br>Judge Milton I. Shadur |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER
AND BRIEFING SCHEDULE FOR PRELIMINARY INJUNCTION MOTION**

CellzDirect, Inc. and Life Technologies Corporation object to the Court's *sua sponte* entry of a temporary restraining order. Temporary restraining orders are rare in patent cases. 7 Donald S. Chisum, *Chisum on Patents* § 20.04[1] (1999). Furthermore, in "patent cases, the courts require a particularly strong showing of probability of success." *Id.* Such a showing has not been made here, and the court cannot effectively evaluate the probability of success without an evidentiary hearing.

"When moving for the extraordinary relief of a preliminary injunction," the patentee "must present a clear case supporting the validity of the patent in suit." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1359, 57 U.S.P.Q.2d 1747 (Fed. Cir. 2001). *See also River of Life Kingdom Ministries v. Village of Hazel Crest*, 585 F.3d 364, 369 (7th Cir. 2009) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." (Emphasis in

1

original.)) The same standard should be applied on a motion for a temporary restraining order. *See id.* A "clear case" showing patent validity sufficient for injunctive relief can be established by "showing that the patent in suit had successfully withstood previous validity challenges in other proceedings", or by "a long period of industry acquiescence in the patent's validity." *Amazon.com, Inc.*, 239 F.3d at 1359 (citing 7 Donald S. Chisum, *Chisum on Patents* § 20.04[1][c], at 20-673 to 20-693 (1998)).

In *Amazon*, the patent had not yet been tested by trial, and had only recently been issued so there was no long history of acquiescence. *Id.* The same is true in this case. The previous case filed by plaintiff, *Celsis in Vitro, Inc. v. Xenotech, LLC, et al.*, United States District Court for the Northern District of Illinois (Case No. 10 cv 0681), was resolved and dismissed without trial (and plaintiff *never sought* interim injunctive relief.) The '929 patent at issue in this case was only issued on October 20, 2009, so there is no history of industry acquiescence. Plaintiff has not made a clear showing of validity, and a temporary restraining order should not be entered.

Without waiving their objections to entry of a temporary restraining order, defendants will submit the proposed form of order separately to the Court, which conforms to the Court's oral rulings on July 2, 2010 and July 7, 2010.

Defendants request that the Court schedule a hearing on plaintiff's motion for preliminary injunction on August 12 and 13, 2010, with defendants' opposition papers to be filed on or before August 6, 2010, and plaintiff's reply memorandum to be filed on or before August 10, 2010.

//

//

Dated this 12th day of July, 2010.

                                                         Respectfully submitted,

                                          By    s/ Ryan T. Brown

Ryan T. Brown
James B. Hiller
Gordon & Rees LLP
One North Franklin
Suite 800
Chicago, Illinois 60606
Tel: (312) 565-1400
Email: rtbrown@gordonrees.com

Oscar Alcantara
Goldberg Kohn
55 East Monroe, Suite 3300
Chicago, IL 60603
Tel: (312) 201-4000
Email: oscar.alcantara@goldbergkohn.com

Louis D. Peterson
Michael R. Scott
Michael K. Kirschner
Hillis Clark Martin & Peterson P.S.
Seattle WA 98101-2925
Tel: (206) 623-1745
Email: ldp@hcmp.com; mrs@hcmp.com; mkk@hcmp.com

*Counsel for Defendants CellzDirect, Inc. and Invitrogen Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jordan A. Sigale, Esq.
>Adam G. Kelly, Esq.
>Julie L. Langdon, Esq.
>LOEB & LOEB LLP
>321 North Clark Street
>Chicago, IL  60654
>(312) 464-3100
>akelly@loeb.com
>
>*Counsel for Plaintiff Celsis In Vitro, Inc.*
>
>By: s/ Ryan T. Brown
>
>Ryan T. Brown
>Gordon & Rees LLP
>One North Franklin
>Suite 800
>Chicago, Illinois 60606
>(312) 565-1400
>E-Mail:  rtbrown@gordonrees.com