IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CELSIS IN VITRO, INC. a Maryland Corporation, <br><br> *Plaintiff,* <br><br> v. <br><br> CELLZDIRECT, INC., a Delaware Corporation and wholly-owned subsidiary of INVITROGEN CORPORATION; and INVITROGEN CORPORATION, a Delaware Corporation. <br><br> *Defendants.* | Case No. 10-4053 |

## PRELIMINARY INJUNCTION ORDER

Under Fed. R. Civ. P. 65, for the reasons set forth on the record in open court on September 7 and 8, 2010, the Court finds that Plaintiff Celsis In Vitro, Inc. ("Celsis IVT") has satisfied the requisite showing to warrant the entry of a preliminary injunction against the Defendants CellzDirect, Inc. and Life Technologies (the survivor of a merger involving Invitrogen Corporation).

IT IS HEREBY ORDERED that the Defendants CellzDirect, Inc., Life Technologies, and those acting in concert with either or both of the Defendants are preliminarily enjoined from using the methods of Claims 1 and 10 of U.S. Patent No. 7,604,929 in the United States. The Defendants are also preliminarily enjoined from using, selling, and/or offering to sell products produced in the United States from the method of Claim 1 of U.S. Patent No. 7,604,929 after October 20, 2009.

In addition, the Defendants CellzDirect, Inc., Life Technologies, and those acting in concert with either or both of the Defendants are preliminarily enjoined from inducing,

aiding and abetting, or encouraging others to practice the methods of Claims 1 and 10 of U.S. Patent No. 7,604,929 in the United States, as well as selling or offering to sell multi-cryopreserved hepatocyte products for use in the United States (regardless of whether the products were produced prior to October 20, 2009), for which the Defendants failed to prove any substantial use by others except for use in practicing the method of Claim 10 of U.S. Patent No. 7,604,929.

Celsis IVT previously deposited with the Clerk of this Court a $70,000.00 cash security and that cash security shall remain with the Clerk for the duration of this order and shall serve as the bond for the preliminary injunction. The Court has established this bond without prejudice and the Defendants may produce at a later time additional evidence to establish a higher amount for the bond going forward.

In view of the $70,000.00 bond, this order shall be effective on September 8, 2010 at 5:00 p.m. CST and expires upon resolution of the merits of this lawsuit including and through a resolution at trial.

**SO ORDERED:**

DATED: September 8, 2010

_____
Honorable Milton I. Shadur
Senior U.S. District Court Judge