UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CELSIS IN VITRO, INC., | ) |
| Plaintiff, | ) Case No. 1:10-cv-004053 |
| v. | ) Judge Milton I. Shadur |
| CELLZDIRECT, INC., a Delaware Corporation and wholly-owned subsidiary of INVITROGEN CORPORATION; and INVITROGEN CORPORATION, a Delaware Corporation, | ) Magistrate Judge Martin C. Ashman |
| Defendants. | ) |

## ORDER MODIFYING PRELIMINARY INJUNCTION ORDER UNTIL FURTHER ORDER OF THE COURT

Defendants CellzDirect, Inc.'s, and Invitrogen Corporation's (collectively, "LTC" or "Defendants")[1] Motion to Dissolve or Modify the Preliminary Injunction in Light of the U.S. Patent and Trademark Office's Action Rejecting All Claims of U.S. Patent No. 7,604,929 came on for presentment before the Court on January 5, 2011. The Court subsequently received supplemental submissions from both Plaintiff Celsis In Vitro, Inc. ("Celsis IVT") and LTC. This matter came before the Court during a status hearing on January 26, 2011, at which time the Court was apprised by counsel of the status of the reexamination proceeding in the U.S. Patent and Trademark Office ("USPTO") concerning U.S. Patent No. 7,604,929 ("the '929 patent").

Having reviewed the parties' submissions and heard arguments from counsel on both January 5 and January 26, 2011, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion. Specifically, the Court:

---

[1] Invitrogen Corporation merged with another company in 2008 and the surviving company became Life Technologies Corporation. CellzDirect is now a wholly-owned subsidiary of Life Technologies Corporation.

1. Modifies the Preliminary Injunction Order dated September 8, 2010, to permit the Defendants, until further Order of the Court, to fill any outstanding or repeat orders from prior purchasers of the multi-cryopreserved hepatocyte products made by the processes that were the subject of proof during the August 2010 Preliminary Injunction Hearing and enjoined under the Preliminary Injunction Order with Defendants' existing inventory of such products made prior to the date of the Preliminary Injunction Order. Defendants may also use such existing inventory for its own (that is, not on behalf of any customer or other commercial entity) use, including for comparison testing purposes. Defendants agree to timely produce to counsel for Celsis IVT, subject to the terms of the Amended Protective Order, the results and testing protocols from such internal use.

2. Aside from the exception in Paragraph 1, the Preliminary Injunction Order will otherwise continue in force, and will, among other things, prohibit Defendants from actively marketing and promoting in the United States the sale of any multi-cryopreserved hepatocyte products made by the processes that were the subject of proof in the August 2010 Preliminary Injunction Hearing and enjoined under the Preliminary Injunction Order.

3. Celsis IVT shall be entitled to seek damages associated with any sales made pursuant to the authorization of Paragraph 1, or inducement of others to practice the methods of Claim 10 of the '929 patent in the United States resulting from such sales, during the period from entry of this Order until entry of any subsequent Order regarding the Preliminary Injunction Order, to the extent supported by a judgment of infringement.

4.  Defendants' Motion to Dissolve or Modify the Preliminary Injunction in Light of the U.S. Patent and Trademark Office's Action Rejecting All Claims of U.S. Patent No. 7,604,929 is DENIED in all other respects.

**SO ORDERED:**

Dated: February 7, 2011

_____
Honorable Milton I. Shadur
Senior U.S. District Court Judge