IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

CELSIS IN VITRO, INC.,           )
                                 )
            Plaintiff,           )
                                 )
     v.                          )   No.  10 C 4053
                                 )
CELLZDIRECT, INC., et al.,       )
                                 )
            Defendants.          )

           SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

    This Court has engaged in a post-issuance review of its March 24 memorandum opinion and order ("Opinion")--a sort of "last look"--and that review has revealed that the Opinion at 2 contains an unintentionally inaccurate conflation of Claims 1 and 10 of the '929 Patent[1] by characterizing the latter as "dependent" on the former.  This supplement is issued to correct that inaccuracy.

    Being "dependent" is not literally true of Claim 10, as it is of Claims 2 through 9, of the '929 Patent.  Instead Claim 10 is "dependent" in the nontechnical sense that its description of not "requiring a density gradient step after thawing the hepatocytes for the second time" (Col. 20:58-59) necessarily embraces the use of the density gradient step called for in Claim 1 (Col. 19:62-64) the first time around (something that is confirmed by both the patent's specification and its prosecution

---

    [1] That and all other definitions in the Opinion will of course continue to apply in this supplement.

history).

That usage brings into play the entire discussion in the Opinion as to the necessity of a "density gradient medium" in performing the density gradient step. And in turn that means that LTC's newly-developed method bars any finding of LTC's infringement of Claim 10, just as it does as to Claim 1.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 25, 2011